IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LORENZO DEMETRIC WILLIAMS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-2672-L-BK** |
| | § | |
| **JOHNSON COUNTY SHERIFF,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On October 15, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court dismiss without prejudice this habeas action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with a court order. In this regard, the Report notes that Petitioner failed to comply with the magistrate judge's August 17, 2026 deficiency order that set a September 16, 2026 deadline for him to file his habeas petition on the form mandated by the court for habeas actions and pay the case filing fee or file a motion for leave to proceed *in forma pauperis*. As of the date of this order, Petitioner has still not complied with the magistrate judge's August 17, 2026 deficiency order; nor has he filed objections to the Report within the time provided by Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

Having considered the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this habeas action, pursuant to Rule 41(b), as a result of Petitioner's failure to prosecute and comply with a court order.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 25th day of November, 2026.

Sam A. Lindsay
United States District Judge

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.